PERCIVAL E. FOERDERER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21947.    Promulgated May 3, 1951.

*James S. Y. Ivins, Esq.*, for the petitioner.
*Kalman A. Goldring, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* Petitioner is settlor and life beneficiary of an irrevocable trust with remainders over. As a part of its corpus, the trust holds, among other things, 1,717 shares of the outstanding stock of Percival E. Foerderer, Inc., a Delaware corporation, which is a personal holding company. Further, it holds directly and indirectly a total of 4,507.5 shares of the capital stock of Robert H. Foerderer Estate, Inc., another Delaware corporation, which is also a personal holding company. At the beginning of the taxable year the capital of these corporations was impaired to the extent of $151,934.52 and $469,787.35, respectively. During the taxable year both corporations suffered further capital losses in the amounts of $10,110.40 and $19,489.54, respectively. Since such losses were not deductible when computing the Subchapter A net income of either corporation (Sec-

tion 505, Internal Revenue Code), both corporations had Subchapter A net income in the amounts of $5,650.54 and $19,331.41, respectively. Despite this continued impairment of capital these corporations, during the year here involved, declared and paid taxable dividends to The Trust amounting to a total of $14,142.85. The parties are agreed that this amount constitutes taxable income and that if it is distributable to petitioner as beneficiary of The Trust, it is taxable to him and deductible by The Trust in accordance with section 162 (b), Internal Revenue Code.[1] Therefore, stripped of non-essentials, the issue is whether the amount so received by The Trust is or is not distributable to petitioner.

Legal interests and rights in the administration of trusts are essentially matters of local law. *Helvering* v. *Stuart*, 317 U. S. 154, 161. The determination of whether or not income is distributable to a particular beneficiary depends upon the terms of the trust and the applicable state law. *Blair* v. *Commissioner*, 300 U. S. 5, 9; *Freuler* v. *Helvering*, 291 U. S. 35, 43–45; *Henricksen* v. *Baker-Boyer National Bank*, 139 F. 2d 877. Once this determination is made, the pertinent Federal revenue act then attaches to designate to whom such income is taxable. *Helvering* v. *Stuart, supra.* Here, The Trust was created in Pennsylvania. Its trustee, as well as its life beneficiary, is a resident of that state. Accordingly, the determination of whether the income which it received was distributable to petitioner during the taxable year should be made in accordance with the law of the Commonwealth of Pennsylvania.

Where a trust has been created and its trustee is directed by the trust indenture to pay the income therefrom to a certain beneficiary for life and upon his death to pay the principal to designated remaindermen, the trustee is under a duty so to administer the trust as to protect the interests of both the life tenant and the remaindermen. 2 Scott on Trusts § 232. Accordingly, when a dividend is received on stock held as a part of the trust *res*, he must determine whether such dividend should be treated as accruing to the corpus and held for the remaindermen or constitutes income distributable to the life beneficiary. The authorities are in substantial agreement on the proposition that a dividend which represents a reduction or impairment of capital belongs to corpus and not to income. *Vinton's Appeal*, 99 Pa. 434, 44 Am. Rep. 116; *Gray* v. *Hemenway*, 268 Mass. 515, 168

[1] SEC. 162. NET INCOME.

*  *  *  *  *  *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. *  *  *

960

N. E. 102; *Hite* v. *Hite*, 93 Ky. 257, 20 S. W. 778; 24 A. L. R. 92. And any impairment of the trust assets must be made good before anything is awarded to income. Cf. *McKeown's Estate*, 263 Pa. 78, 106 A. 189.

Here, the corporations from which The Trust received the dividends in question had suffered capital losses in the years preceding the one under review to the extent that their capital structure had been substantially impaired. During the taxable year they sustained further capital losses in excess of their income. However, they were personal holding companies, and such losses were stipulated not to be deductible in the computation of their Subchapter A net income. Consequently, for tax purposes they had current income. And it was from this source that the dividends were paid. If we look to the substance of the situation, we find that had the corporations been allowed to deduct their capital losses, they would have had no income from which to pay these dividends. The funds from which the payments were made constituted income only for the purposes of Subchapter A and not for the purpose of determining the proper allocation to be made of such payments as between corpus and distributable income. These payments further impaired the capital of the corporations, and should be allocated to corpus. To hold otherwise would be to defeat the purposes of the trust instrument by giving petitioner, the life beneficiary, access to the principal of the trust fund, thereby totally defeating the gift over to the remaindermen.

Accordingly, we hold that the dividends received by the trustee from Robert H. Foerderer Estate, Inc., and Percival E. Foerderer, Inc., should not be awarded to income to be distributed to the life beneficiary but, to the contrary, should be allocated to corpus with The Trust paying the taxes thereon.

*Decision will be entered under Rule 50.*